IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES J. PRATT,

      Plaintiff,

vs.                                                                  Civ. No. 02-0728- MV/ACT

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed August 29, 2003, **[Doc. No. 11]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

Plaintiff James J. Pratt seeks the return of money seized from him by agents of the United States Border Patrol and Drug Enforcement Administration ("DEA") special agents. On May 12, 2002, $132,330.00 in United States currency was seized from Plaintiff by agents of the United States Border Patrol and DEA special agents at the Las Cruces Border Patrol Station. On June 18, 2002, Plaintiff, *pro se*, filed this case against the United States seeking return of his seized money. Plaintiff did not, however, properly serve his complaint.

On June 20, 2002, the DEA sent written notice of the seizure by certified mail, return receipt requested, to James Joseph Pratt, 232 West Rainbow, Po [sic] Box 1250, Tombstone,

AZ 85638.  Delivery of the notice was accepted by an individual named Julianne Koper, who signed as "agent" of Plaintiff.   The seizure of the property was published in *The Wall Street Journal* for three successive Mondays--July 8, 15, and 22, 2002.  Both the published and the mailed notices explained the process for filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action and stated that the deadline to file a claim was July 25, 2002, or, if the mailed notice was not received, August 21, 2002.

On April 3, 2003, having received no claim, the DEA forfeited the $132,330.00 to the United States pursuant to 19 U.S.C. § 1609.  Nearly three months later, on July 1, 2003, Plaintiff perfected service of this action on the United States.  The United States now seeks to dismiss this case on the grounds that Plaintiff's failure to comply with the proper procedures to contest the forfeiture of the money deprives this Court of jurisdiction over Plaintiff's action seeking return of these monies.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper.  *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms:  a facial challenge or a factual challenge.  *Holt v. United States*, 46 F.3d 1000, 1002

(10th Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.* In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id*. In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt,* 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n.5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1003.

## DISCUSSION

The DEA has the authority to seize and forfeit any asset furnished or intended to be furnished in exchange for a controlled substance, as well as the proceeds traceable to such an exchange. 21 U.S.C. § 881(a). If the property at issue is valued at $500,000 or less, the DEA may employ the administrative forfeiture process set forth in the custom laws. 19 U.S.C. § 1607. Under this procedure, the DEA must publish notice of its intent to forfeit in a newspaper of general circulation once a week for at least three successive weeks, and must send "[w]ritten

notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75(a). This notice must be sent as soon as practicable, and no later than 60 days after the date of seizure. 18 U.S.C. § 983(a)(1)(A)(i).

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When the government can reasonably ascertain the name and address of an interested party, due process requires the government to send "[n]otice by mail or by other means as certain to ensure actual notice." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party . . . if its name and address are reasonably ascertainable.") (emphasis omitted). Due process does not require, however, that the interested party actually receive the notice. *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1316 (10th Cir. 1994). As long as the government acted reasonably in selecting means likely to inform the persons affected, the government has discharged its burden. *Id.*

If no party files a claim asserting an interest in the property within twenty days, the DEA must declare the property administratively forfeited. 19 U.S.C. § 1609(a). "A declaration of forfeiture under this section shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). If a proper claim is made in the administrative forfeiture proceeding, the

administrative forfeiture proceeding is terminated and a judicial forfeiture action is brought. 18 U.S.C. § 983(a)(3)(A). In a judicial forfeiture proceeding, a claimant has an opportunity to adjudicate his claim to the seized property and challenge the legality of the seizure. *See* 18 U.S.C. § 983. In addition to, or in lieu of, contesting the forfeiture in a judicial proceeding, a claimant may also file a petition for remission or mitigation with the DEA forfeiture counsel within 30 days of receiving notice of the administrative forfeiture proceeding. See 28 C.F.R. § 9. Once property has been administratively forfeited, a court has jurisdiction pursuant to 28 U.S.C. § 1331 for the limited purpose of "determining whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 480 (2nd Cir. 1992) (citation omitted); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (federal district courts have jurisdiction to review whether an administrative forfeiture satisfied due process and statutory requirements). If an administrative forfeiture does not have any procedural defects, other challenges to the forfeiture, which would have been addressed under the statutory and regulatory procedures, must be considered waived. *United States v. Deninno*, 103 F.3d 82, 84-85 (10th Cir. 1996).

In this case, the DEA sent written notice of the forfeiture by certified mail to Plaintiff at his home and published notice of the forfeiture in *The Wall Street Journal* for three consecutive weeks. Plaintiff admits that he received the notice of forfeiture sent to his home. Both the written notice and the published notice explained the process for filing a claim with the DEA in order to contest the forfeiture action as well as the process for filing a petition for remission or mitigation. Plaintiff did not file a claim with the DEA and the money was administratively forfeited.

Instead of filing a claim with the DEA, which would have triggered a judicial forfeiture proceeding, Plaintiff filed this action against the United States seeking return of the monies seized from him.  The purpose of filing a claim with the DEA is to provide notice that a forfeiture is contested.  *See, e.g., United States v. United States Currency in The Amount of $2,857.00*, 754 F.2d 208 (7th Cir. 1985) ("The legal effect of an administrative claim . . . is solely to stop the summary forfeiture proceeding and force the government to institute a judicial condemnation proceeding.").  An argument could be made that filing a civil action in district court is the functional equivalent of filing a claim with the DEA because it provides notice that the forfeiture is contested.  The Court need not decide this issue, however, because the filing of a civil action cannot possibly provide notice that a forfeiture is contested when the complaint is not served until several months after the administrative forfeiture was completed.

The Court finds that the administrative forfeiture satisfied applicable due process and statutory requirements.  Plaintiff received actual notice of the forfeiture and failed to follow the procedures to contest the administrative forfeiture proceeding.  By failing to challenge the forfeiture through the appropriate administrative and judicial procedures, Plaintiff missed his opportunity to adjudicate his claim to the seized currency and to challenge the legality of the seizure.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed August 29, 2003, **[Doc. No. 11]**, is hereby **GRANTED**.  The administrative forfeiture action satisfied applicable due process and statutory requirements and therefore this Court lacks subject matter jurisdiction to consider

Plaintiff's claim to the seized currency.

Dated this 23rd day of August, 2004.

                                                                          _____
                                                                          MARTHA VAZQUEZ
                                                                          U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
        James J. Pratt, *pro se*

Attorney for United States:
        Jan Elizabeth Mitchell, Esq.
        Stephen R. Kotz, Esq.